IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

United States of America,     )
                              )
          v.                  )
                              )     1:10cr191 (JCC)
Jamin Olivia-Madrid, et al.,  )
                              )
          Defendant.          )


**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Jamin

Olivia-Madrid's Motions (1) to Dismiss for Failure to Allege

Facts with Particularity or Alternatively to Sever Defendant,

and (2) to Exclude Co-Conspirator's Hearsay Declaration.  [Dkts.

174, 175.]  For the following reasons, the Court will deny

Defendant's Motions.

### I. Background

On July 27, 2010, a grand jury sitting in the Eastern

District of Virginia returned a three-count superseding

indictment against Jorge Gutierrez, Jamin Dodamin Olivia-Madrid,

Augustin Ortiz, Esteban Salguero-Ortiz, Fnu Lnu, Darwin Oliva,

and Ernesto Mora-Orozco.  [Dkt. 147.]  Count 1 charges all the

defendants with conspiracy to distribute cocaine in violation of

21 U.S.C. §§ 841(a)(1) and 846.  Count 2 charges Defendant

Orozco with possession of cocaine with intent to distribute in

violation of 21 U.S.C. § 841(a)(1).  Counts 3 and 4 charge

Defendant Oliva with distribution cocaine in violation of 21

U.S.C. § 841(a)(1).  Joint trial is set for October 4, 2010.

Defendant Madrid filed two motions on August 30, 2010,

moving to dismiss or to sever ("MTD")[Dkt. 174], and to exclude

co-conspirator's declarations on August ("Mot. Exclude")[Dkt.

175].  Defendant's motions are before the Court.

## II. Analysis

A. Motion to Dismiss

Federal Rule of Criminal Procedure 7(c)(1) requires

that an indictment be a "plain, concise, and definite written

statement of the essential facts constituting the offense

charged."  "[T]he facts alleged in an indictment should be

sufficiently detailed to apprise the defendant of the charge

against him so that he may prepare his defense."  *United States

v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979).  Defendant argues

that the Superseding Indictment falls short of this requirement

because it "fails to state a time, place, or manner" of Mr.

Madrid's alleged criminal acts.  (MTD at 3.)

A plain reading of the Indictment shows otherwise.  It

charges Defendant with participation in a conspiracy to

distribute cocaine.  (Indict. at 2.)  It states that the alleged

conspiracy took place between approximately August 2009 and June

4, 2010.  *Id.*  It alleges Defendant's knowing participation in

that conspiracy.  *Id.*  It alleges that Defendant owned and operated the company at whose location cocaine was stored and sold.  (Indict. ¶¶ 12-13.)  It alleges that, on June 4, 2010, Defendant possessed 460 grams of cocaine and other items consistent with cocaine distribution at that location.  (Indict. ¶ 90.)  It alleges that, on February 22, 2010, Defendant delivered approximately $7,000.00 in drug proceeds to Defendant Gutierrez.  (Indict. ¶ 18.)  And it alleges that Defendant purchased a Toyota 4-Runner with drug-trafficking proceeds, providing the date and amount involved in the transaction. (Indict. ¶ 48.)

In short, the Indictment's allegations state times, places, and amounts involved for many of its alleged overt acts relating to Defendant.  This is more than enough to provide the notice required.  This Court will therefore deny Defendant's Motion to Dismiss.

B.  Motion to Sever

Defendant argues for severance from his Co-Defendants under Federal Rules of Criminal Procedure 8(b) and 14.  Rule 8(b) permits an indictment to charge two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offense."  Rule 8(a) is satisfied in

this case, as Mr. Madrid is charged with participating in a conspiracy with the other defendants.

Rule 14 provides that where a defendant is prejudiced by joinder, a court may order separate trials.  But "there is a preference in the federal system for joint trials of defendants who are indicted together," *Zafiro v. United States,* 506 U.S. 534, 537 (1993), and "[j]oinder is highly favored in conspiracy cases, over and above the general disposition towards joinder for reasons of efficiency and judicial economy," *United States v. Tedder,* 801 F.2d 1437, 1450 (4th Cir.1986).

Defendant argues that severance is warranted here because his alleged crimes pale in comparison with those of alleged co-conspirators, raising the spectre of conviction-by-association.  (MTD at 4.)  The problem with this argument is that Defendant is charged with *conspiracy*, and that

> [a] defendant may become a member of the
> conspiracy without full knowledge of all of its
> details, but if he joins the conspiracy with an
> understanding of the unlawful nature thereof and
> willfully joins in the plan *on one occasion,* it
> is sufficient to convict him of conspiracy, even
> though he had not participated before and *even
> though he played only a minor part.*

*United States v. Smith*, 261 F. App'x 477, 479 (4th Cir. 2008) (emphasis added).  In other words, level of participation in a conspiracy has no bearing on guilt or innocence.

This Court will therefore deny the motion to sever.

4

C.   Motion to Exclude Co-Conspirator Hearsay
     Declarations

Defendant moves here first to "suppress all government materials illegitimately begotten in violation of the Fourth, Fifth, and Sixth amendments," claiming that, although the Government has allowed the Defendant to review discoverable materials, it has yet to provide those materials to Defendant. (Mot. Exclude ¶¶ 2, 4.)  This Court notes first that the Government is maintaining an open-file policy in this case that Defense Counsel has availed itself of.  Without further information as to what, if any, materials within the Government's files may be "illegitimately begotten," (*i.e.*, what materials to suppress), this Court must deny this motion.

Defendant also seeks to exclude statements by J. Maldonado, arguing that such statements would violate the rule against hearsay.  (Mot. Exclude ¶ 6.)  The Government responds that any such statements will be admissible as statements of co-conspirators, under Federal Rule of Evidence 801(d)(2)(E). Absent evidence to the contrary, this Court must deny this motion as well.

## IV.  Conclusion

For these reasons, the Court will deny Defendant's motions.

|                        | /s/                                |
| ---------------------- | ---------------------------------- |
| September 13, 2010     | James C. Cacheris                  |
| Alexandria, Virginia   | UNITED STATES DISTRICT COURT JUDGE |