IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | |
| ) | 1:10cr191 (JCC) |
| Jamin Olivia-Madrid, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the sentencing of Defendant Jamin Olivia-Madrid.  Pursuant to the United States sentencing guidelines, U.S.S.G. § 1A1.1, *et seq* (the "Guidelines"), the United States Probation Office issued a pre-sentence report (the "PSR"), calculating Defendant's Guidelines range as 262 to 367 months.  The Government submitted its Position on Sentencing on January 11, 2011, and Defendant submitted his Position on Sentencing on February 22, 2011.  The Government seeks a sentence of 262 months while Defendant seeks a sentence of 120 or 121 months, or, alternatively, 151 months imprisonment.  Following oral argument on February 25, 2011, this Court imposed a sentence of 188 months imprisonment.

## I. Analysis

Sentences are imposed in accordance with 18 U.S.C. § 3553(a). The Guidelines calculations are just one factor the Court takes into consideration when sentencing. *Kimbrough v. United States,* 552 U.S. 85 (2007), and *Gall v. United States*, 552 U.S. 38 (2007). The Court understands that it is free to depart upwards or downwards from the guidelines range and to grant variances as *Gall* permits district courts to impose sentences both above and below the guideline recommendations. *See Gall* at 45. The Court also understands that, under *United States v. Nelson*, 129 S. Ct. 890, 892 (2009), a sentencing court may not presume that a sentence within the applicable Sentencing Guidelines range is presumptively reasonable.

Section 3553(a) of Title 18 lists several factors for the Court to consider in imposing a sentence. Relevant here, 18 U.S.C. § 3553(a) provides that "[t]he court, in determining the particular sentence to be imposed, shall consider . . . the nature and circumstances of the offense and the history and characteristics of the defendant." Section 3553(a) also provides that the court shall consider the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed

educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Here, Defendant argues for a reduced sentence based on his allegedly minor participation in the cocaine conspiracy in relation to his coconspirators, most of whom cooperated with the Government in this case.  It is well-established, however, that "concerns about disparate sentences among coconspirators are not implicated where, as here . . . . the coconspirators cooperated with the government and pleaded guilty pursuant to plea agreements."  *United States v. Pineda-Sanchez*, 396 F. App'x 647, 649 (11th Cir. 2010).  *See also, e.g.*, *United States v. Auston*, 355 F. App'x 919, 927 (6th Cir. 2009) (cooperating coconspirators not similarly situated); *United States v. Abu Ali*, 528 F.3d 210, 263 (4th Cir. 2008) (rejecting a sentence comparison between a cooperating defendant and a non-cooperating one).

Defendant seemingly relies on *United States v. Lazenby*, 439 F.3d 928 (8th Cir. 2006), as "a similar case to this one."  (Mem. at 13.)  But Defendant leaves out a significant fact regarding *Lazenby*: *the defendant pleaded guilty*.  The case is therefore off point.  And the Eighth Circuit has also made clear that a defendant is "not similarly situated to his co-defendants who pled guilty and cooperated

3

with the government." *United States v. Bowie*, 618 F.3d 802, 819 (8th Cir. 2010).

Thus, in the words of this Circuit,

> Although [the Defendant] had every right to go to trial and claim innocence until proven guilty, he has now been proven guilty and thus cannot avail himself of the benefits typically afforded those who reach plea agreements with the government and accept responsibility for their illegal conduct before going to trial.

*Abu Ali*, 528 F.3d at 263. The other coconspirators in this case were therefore not similarly situated to Defendant, meaning that any sentencing their sentences will not implicate § 3553(a)'s concern for unwarranted sentencing disparities.

Moreover, even were this Court to consider those disparities, and even if Defendant were correct regarding drug quantity and regarding his role in the offense as being minor relative to his coconspirators, this Court would still impose a sentence of 188 months imprisonment for the reasons explained in Open Court and outlined in 18 U.S.C. § 3553(a).

February 25, 2011　　　　　　　　　_____/s/_____
Alexandria, Virginia　　　　　　　　James C. Cacheris
　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE